920 F.2d 933
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Floyd SPRUYTTE, Jr., Plaintiff-Appellant,
v.
Perry JOHNSON, et al., Defendants,
Theodore Koehler, Robert Mallette, John Hawley, Audrey
Lindstrom, Defendants-Appellees.
 No. 89-2095.
 United States Court of Appeals, Sixth Circuit.
 Dec. 11, 1990.
 
 1
 Before BOYCE F. MARTIN, Jr. and NATHANIEL R. JONES, Circuit Judges, and EDGAR, District Judge.*
 
 ORDER
 
 2
 Floyd J. Spruytte, Jr., through counsel, appeals from the district court's order dismissing his complaint which he filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Spruytte's complaint arose from a series of events which followed wide-spread rioting and destruction within three separate state prison facilities in Michigan, in May of 1981. Spruyette was found guilty of participating in the riots at the Marquette Branch Prison and possessing illegal contraband at that time. As a result, he was placed in administrative segregation. Spruyette charges that the defendants, various officials at the Marquette facility, unconstitutionally denied him a sufficient amount of time for outdoor exercise. He also alleged that he was forced to walk naked to the showers during the period he was housed in a segregation cell, in violation of his constitutional rights. The district court determined that the defendants were entitled to qualified immunity in regard to these allegations, because there was, at the time of the alleged wrongdoing, no "clearly established right" to a certain amount of exercise time or to be free from being forced to walk naked to the showers. See Anderson v. Creighton, 483 U.S. 635, 639-40 (1987); Poe v. Haydon, 853 F.2d 418, 425 (6th Cir.1988), cert. denied, 488 U.S. 1007 (1989).
 
 
 4
 Upon review, we conclude that the district court properly determined that the defendants were entitled to protection from personal liability under the doctrine of qualified immunity, for the reasons stated by that court. The cases from other circuits, cited by Spruytte, do not support his argument that a clearly established right to the items in question existed at the time he was in administrative segregation. These cases are distinguishable in that only one involves restrictions implemented in a post-riot and emergency lock-down situation. These cases do not point unmistakably to the unconstitutionality of the conduct complained of and did not clearly foreshadow direct authority in this circuit, as to leave no doubt in the defendants' minds that their conduct would be found wanting. Ohio Civil Service Employees Ass'n v. Seiter, 858 F.2d 1171, 1177 (6th Cir.1988).
 
 
 5
 Accordingly, the district court's grant of summary judgment is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable R. Allan Edgar, U.S. District Judge for the Eastern District of Tennessee, sitting by designation